8 F.3d 819
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Milton MCCRAY, Plaintiff-Appellant,
v.
Mason W. WATERS, Warden; Sergeant Dante; Nurse Feiser,
Defendants-Appellees.
 No. 92-7190.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 22, 1993.
Decided: October 22, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-91-1678-JH)
 Milton McCray, Appellant Pro Se.
 John Joseph Curran, Jr., Attorney General, Glenn William Bell, Office of the Attorney General of Maryland, Baltimore, Maryland, for Appellees.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Milton McCray appeals from the district court's orders denying relief under 42 U.S.C. § 1983 (1988) and denying his motion for reconsideration brought pursuant to Fed. R. Civ. P. 60(b). We affirm in part and dismiss in part.
 
 
 2
 McCray filed a 42 U.S.C. § 1983 (1988) action alleging inadequate medical treatment. McCray's complaint alleged that upon his arrival at the Maryland Correctional Institution in Hagerstown on June 7, 1991, he placed a sick call request to be seen by a doctor, but that the Defendants, two prison officials and a nurse, ignored his written and verbal requests for seven days.
 
 
 3
 The district court entered summary judgment in favor of two Defendants, and conditionally dismissed the claim as to the third Defendant. As permitted, McCray attempted to persuade the district court that the third Defendant should not be dismissed, but the district court entered summary judgment in favor of that Defendant and ordered the case closed on July 28, 1992. McCray moved for reconsideration, which the district court denied.
 
 
 4
 Given that the district court's July 28, 1992, order dismissing the case constituted a final judgment in the case, McCray's appeal from that order, filed on November 18, 1992, was untimely and we are without jurisdiction to consider that appeal. Fed. R. App. P. 4(a). Consequently, we dismiss as untimely his appeal from that order.*
 
 
 5
 McCray did, however, timely appeal from the district court's denial of his Fed. R. Civ. P. 60(b) motion. We review such a denial for abuse of discretion. McCray based his Rule 60(b) motion on alleged newly discovered evidence. However, our review of the record discloses that McCray's "newly discovered evidence" is refuted by the same medical records upon which the district court properly relied in granting summary judgment.
 
 
 6
 The record demonstrates that McCray received adequate medical treatment after his arrival at Hagerstown and for each subsequent ailment. Thus, McCray failed to show an intentional or reckless disregard of his serious medical needs on the part of the Defendants. Estelle v. Gamble, 429 U.S. 97 (1976); Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Therefore, we affirm the district court's denial of McCray's motion for reconsideration.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND DISMISSED IN PART
 
 
 *
 We note that even if McCray's appeal from the order dismissing his case had been timely filed, we would still affirm the district court's grant of summary judgment for the reasons set forth by the district court